**Jon Gregory ROTHLANDER, Appellant,**

v.

**Lynette Marino AYALA, Appellee.**

**No. 10–97–045–CV.**

Court of Appeals of Texas, Waco.

April 16, 1997.

Andy McSwain, Fulbright, Winniford, Bice & Marable, Waco, Roy D. Brantley, Brantley & Holt, Bryan, for appellant.

M. Charles Gandy, Searcy & Gandy P.C., College Station, for appellee.

Before DAVIS, C.J., and CUMMINGS and VANCE, JJ.

**MEMORANDUM OPINION**

PER CURIAM.

On April 8, 1997, the parties filed an "Agreed Motion to Dismiss the Appeal and Vacate or Set Aside the Judgment." In relevant portion, Rule 59(a) of the Texas Rules of Appellate Procedure provides:

> (1) The appellate court may finally dispose of an appeal or writ of error as follows:
>
> (A) In accordance with an agreement signed by all parties or their attorneys and filed with the clerk; or
>
> (B) On motion of appellant to dismiss the appeal or affirm the judgment appealed from, with notice to all other parties; provided, that no other party shall be prevented from seeking any appellate relief it would otherwise be entitled to.

Tex.R.App.P. 59(a).

The motion is signed by attorneys for both the appellant and the appellee. In the motion, the parties request that we grant the motion to dismiss with prejudice and that we "vacate or set aside the judgment[.]" Rule of Appellate Procedure 80(b) does not permit the courts of appeals to "vacate" or "set aside" a judgment of the trial court, although the rule does allow these courts to reverse a trial court's judgment and dismiss the case. Tex.R.App.P. 80(b). We construe the parties' request that we "vacate" or "set aside" the judgment as a request that we reverse the judgment of the trial court. Therefore, that is the relief we shall provide.

The parties further request that we dismiss the case "with prejudice." We believe that an order that may affect the parties' ability to bring this case again should be entered by the trial court. *See Lowery Bros. Lumber Co. v. Knupp*, 889 S.W.2d 704 (Tex. App.—Beaumont 1994, no writ). Therefore, in addition to reversing the judgment of the trial court, we will remand the cause to the trial court for further proceedings regarding the rendition of judgment in accordance with the settlement agreement of the parties. *See*

*Innovative Office Systems, Inc. v. Johnson,* 911 S.W.2d 387 (Tex.1995).

The judgment is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion. Pursuant to their agreement, each party will be charged with the costs it incurred.

DAVIS, C.J., not participating.