IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00157-CR

 

Elijah Keller,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the 52nd District Court

Coryell County, Texas

Trial Court No. FDP-04-17177

 



MEMORANDUM  Opinion










 

      Keller pleaded guilty to second-degree-felony
possession of cocaine.  See Tex.
Health & Safety Code Ann. § 481.115(a), (d) (Vernon 2003); see
id. § 481.102(3)(D) (Vernon Supp. 2004-2005).  Keller appeals. 
Keller’s counsel filed an Anders brief.  See Anders v. California, 386 U.S. 738 (1967).  We affirm.

      The brief reviews the trial court’s
overruling of Keller’s motion to suppress evidence.  Although counsel informed
Keller of the right to file a brief, Keller did not file one.  The State did
not file a response.

      We must, “after a full examination of all
the proceedings, . . . decide whether the case is wholly frivolous.” 
Anders at 744; accord Stafford v. State, 813 S.W.2d 503, 509-11
(Tex. Crim. App. 1991); Coronado v. State, 996 S.W.2d 283, 285 (Tex.
App.—Waco 1999, order) (per curiam), disp. on merits, 25 S.W.3d 806
(Tex. App.—Waco 2000, pet. ref’d).  An appeal is “wholly frivolous” or “without
merit” when it “lacks any basis in law or fact.”  McCoy v. Court of Appeals,
486 U.S. 429, 439 n.10 (1988).  Arguments are frivolous when they “cannot
conceivably persuade the court.”  Id. at 436.  An appeal is not wholly
frivolous when it is based on “arguable grounds.”  Stafford at 511.

      We determine that the appeal
is wholly frivolous.  Accordingly, we affirm.  Counsel must advise Keller of our
decision and of his right to file a petition for discretionary review.  See
Sowels v. State, 45 S.W.3d 690, 694 (Tex. App.—Waco 2001, no pet.).

TOM GRAY

Chief
Justice

Before Chief Justice Gray,

      Justice Vance, and

      Justice
Reyna

Affirmed

Opinion
delivered and filed October 12, 2005

Do
not publish

[CR25]






 0.9in; margin-right: 0.6in">(b)modify the trial court’s judgment and affirm it as modified;
(c)reverse the trial court’s judgment in whole or in part and render the
judgment that the trial court should have rendered;
(d)reverse the trial court’s judgment and remand the case for further
proceedings;
(e)vacate the trial court’s judgment and dismiss the case; or
(f)dismiss the appeal.

Tex. R. App. P. 43.2.
      Attached to the joint motion is a copy of the “Compromise Settlement Agreement and
Release” entered into by the parties. Because the parties have clearly indicated their desire to
resolve this cause, we will construe the parties’ request as a request to reverse the trial court’s
judgment and remand to the trial court for further proceedings, an action which we are
authorized to take and which will effectuate the result desired by the parties. See Tex. R. App.
P. 43.2(d). Therefore, we will grant the parties’ agreed motion, reversing the judgment of the
trial court and remanding this cause to that court with instructions to enter a judgment which
reflects the agreement of the parties. See Rothlander v. Ayala, 943 S.W.2d 546 (Tex.
App.—Waco 1997, no writ); see also Innovative Office Sys., Inc. v. Johnson, 911 S.W.2d 387 
(Tex. 1995). 
                                                                               PER CURIAM
Before   Chief Justice Davis, 
            Justice Cummings, and
            Justice Vance
Reversed and remanded
Opinion delivered and filed July 8, 1998
Do not publish