**Rolando IBARRA, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–06–00049–CR.**

Court of Appeals of Texas,
Waco.

Oct. 11, 2006.

---

1. The notice is attached to this dissenting opinion as an appendix.

Nikki Mundkowsky, Belton, for appellant.

David A. Castillo, Coryell County Dist. Atty., Gatesville, for appellee.

Before Chief Justice GRAY, Justice VANCE, and Justice REYNA.

## OPINION

TOM GRAY, Chief Justice.

We withdraw the memorandum opinion and judgment issued in this appeal on August 30, 2006 and substitute this opinion in its place.

Rolando Ibarra was convicted of the felony offense of driving while intoxicated and was placed on community supervision. The trial court revoked his community supervision and sentenced him to 8 years in prison. Ibarra appeals. Ibarra's counsel filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). We affirm.

In the brief, counsel asserts that she reviewed the complete reporter's and clerk's records in search of potentially meritorious grounds of error on appeal. Counsel concludes that the appeal is frivolous. Although counsel informed Ibarra of the right to file a brief, Ibarra did not file a brief. The State did not file a response.

We must, "after a full examination of all the proceedings, ... decide whether the case is wholly frivolous." *Anders*, 386 U.S. at 744, 87 S.Ct. 1396; *accord Stafford v. State*, 813 S.W.2d 503, 509–11 (Tex. Crim.App.1991); *Coronado v. State*, 996 S.W.2d 283, 285 (Tex.App.-Waco 1999, order) (per curiam), *disp. on merits*, 25 S.W.3d 806 (Tex.App.-Waco 2000, pet. ref'd). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n. 10, 108 S.Ct. 1895, 100 L.Ed.2d 440 (1988). Arguments are frivolous when they "cannot conceivably persuade the court." *Id.* at 436, 108 S.Ct. 1895. An appeal is not wholly frivolous when it is based on "arguable grounds." *Stafford*, 813 S.W.2d at 511.

We determine that the appeal is wholly frivolous. Accordingly, we affirm.

Ibarra may request the Court of Criminal Appeals to review this decision by filing a petition for discretionary review with this Court within 30 days after the date of this opinion. TEX.R.APP. P. 68.2(a).

In accordance with this Court's opinion in *Sowels v. State*, 45 S.W.3d 690

(Tex.App.-Waco 2001, no pet.), *overruled in part by, Meza v. State,* No. PD–1181–05, 206 S.W.3d 684, 686 (Tex.Crim.App. 2006), appellate counsel moved the trial court to allow counsel to withdraw from the representation of Ibarra on appeal. The motion to withdraw was granted. On this issue, *Sowels* was based on our decision in *Enriquez v. State,* wherein we held that only the appointing court has the authority to allow appointed counsel to withdraw from representing an indigent party. Id. at 692; *Enriquez v. State,* 999 S.W.2d 906, 908 (Tex.App.-Waco 1999, no pet.). Upon further review of our decision in *Sowels,* we determined that an *Anders* brief on appeal with an accompanying motion to withdraw is an exception to the rule announced in *Enriquez,* and that an appellate court could, under those circumstances, allow counsel to withdraw from representation of the defendant. *Pippillion v. State,* 186 S.W.3d 694 (Tex.App.-Waco 2006, order); *see also Bledsoe v. State,* 178 S.W.3d 824 (Tex.Crim.App. 2005). Recently, relying on *Ex parte Wilson,* the Court of Criminal appeals granted an out of time petition for discretionary review and reiterated that appellate counsel, even though discharged from further duties to the defendant after the filing of an *Anders* brief must, nevertheless, inform the defendant of the opportunity to file a petition for discretionary review. *Ex Parte Owens,* No. AP–74,996, 2006 WL 2619989, 2006 Tex.Crim.App. LEXIS 1691 (Tex.Crim.App. Sept. 13, 2006); *Ex parte Wilson,* 956 S.W.2d 25 (Tex.Crim.App. 1997); *see* Tex.R.App. P. 68.2(a). Accordingly, we remind counsel of the duty to inform Ibarra of his right to file a petition for discretionary review even though she has been allowed to withdraw as counsel.