

# IN THE
# TENTH COURT OF APPEALS

No. 10-16-00248-CR
No. 10-16-00249-CR
No. 10-16-00250-CR

**WAYMON LEON WEBSTER,**

**Appellant**

**v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 85th District Court**
**Brazos County, Texas**
**Trial Court Nos. 15-02647-CRM-85,**
**15-03061-CRF-85, and 15-03062-CRF-85**

## ABATEMENT ORDER

Waymon Leon Webster was convicted of three offenses: failure to identify, theft, and tampering with evidence. He appealed each, and each was set up as a separate appeal: 10-16-00248-CR (failure to ID); 10-16-00249-CR (theft); and 10-16-00250-CR (tampering).

The briefs in these appeals were due on February 17, 2017. The Clerk of this Court notified Webster's counsel by separate letters dated February 23, 2017 that the briefs were past due and that a brief or response was due within 14 days from the date of the letter.

On March 10, 2017, appointed counsel for Webster filed a motion for extension of time and a motion to withdraw as counsel in appellate case number 10-16-00248-CR, only one of the three appeals in which he represents Webster. By the motion, appointed counsel contends Webster has filed a grievance against his counsel, and the grievance has compromised the attorney-client relationship.[1]

This Court does not have the authority to grant appointed counsel's motion to withdraw except in *Anders*[2] appeals. *See* TEX. CODE CRIM. PROC. ANN. art 26.04(j)(2) (West 2009); *Ibarra v. State*, 226 S.W.3d 481, 483 (Tex. App.—Waco 2006, no pet.) (*Anders* is an exception to rule announced in *Enriquez*); *Enriquez v. State*, 999 S.W.2d 906, 907 (Tex. App.—Waco 1999, order) (construing predecessor to current statute; *see* Acts 1987, 70th Leg., ch 979 § 2, amended by Acts 2001, 77th Leg., ch 906, § 6) (only trial court has authority to grant appointed counsel's motion to withdraw). Although counsel filed a motion to withdraw in only one appeal, the briefs are overdue in all three appeals.

Accordingly, all three of these appeals are abated to the trial court to hold a hearing within 14 days from the date of this order to consider whether Webster is still indigent and if so, whether to discharge Webster's currently appointed counsel and appoint new

---

[1] We do understand why this would not also be an issue in the other two appeals.

[2] *Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

appellate counsel for Webster for each of the appeals. Supplemental Clerk's and Reporter's Records containing the trial court's written or oral findings and rulings are ordered to be filed within 28 days from the date of this order.

Further, counsel's motion for extension of time to file his brief in appellate case number 10-16-00248-CR is dismissed as moot. Regardless of whether a new attorney is appointed for Webster, a new date for the filing of the briefs will be determined when these appeals are reinstated.

PER CURIAM

Before Chief Justice Gray,
        Justice Davis, and
        Justice Scoggins
Appeal abated
Motion to extend time dismissed as moot
Order issued and filed March 22, 2017

