

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-08-00064-CR

_____

**STACEY KIRVEN,**

                                                                **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                                **Appellee**

_____

### From the 77th District Court
### Limestone County, Texas
### Trial Court No. 11381-A

_____

## CONCURRING  OPINION

_____

This is an *Anders* appeal.  The brief in support of counsel's motion to withdraw is only 13 pages.  It is well done and is more than adequate to allow the Court to perform the analysis to reach the conclusion we are required to reach in a proper *Anders* appeal; that counsel has performed a professional evaluation of this record and concluded there are no issues of arguable merit.

Where the Court errs in its 15 page opinion is in reviewing the merits of each of the "arguable issues of law" identified by appointed counsel, each of which is determined by appointed counsel to be wholly frivolous and without arguable merit.  It is not our duty to review the merits of those issues.  *Bledsoe v. State*, 178 S.W.3d 824, 827

(Tex. Crim. App. 2005) ("Only after the issues have been briefed *by new counsel* may the court of appeals address the merits of the issues raised." (Emphasis added.)). Rather, our duty is to conduct an independent review of the entire record, without limiting our review to only those areas discussed by counsel. *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991); *Villanueva v. State*, 209 S.W.3d 239, 249 (Tex. App.—Waco 2006, no pet.)(Gray, C.J., concurring); *accord Garner v. State*, No 10-05-00218-CR, 2007 Tex. App. LEXIS 4246, *17-19 (Tex. App.—Waco May 30, 2007, pet. granted)(Gray, C.J., dissenting). In fact, by spending an excessive amount of time and focusing on those areas, we deprive the defendant of the fundamental protection of the *Anders* procedure of conducting an independent review of the entire record.

I propose that the following is a proper balance in an opinion wherein we conclude the attorney has conducted the professional evaluation of the record and we have conducted our independent examination.

> A jury convicted Stacey Kirven of aggravated robbery and kidnapping. *See* TEX. PENAL CODE ANN. §§ 29.03 and 20.03 (Vernon 2003). The trial court sentenced Kirven to fifty years in prison for aggravated robbery and twenty years in prison for kidnapping. Kirven's appellate counsel filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

> Counsel informed Kirven of the right to file a brief, but Kirven did not file one. Because of Kirven's inaction, the State was not obligated to file a response. *See Wilson v. State*, 955 S.W.2d 693, 697 (Tex. App.—Waco 1997, order). Counsel's brief reviews the legal and factual sufficiency of the evidence, potential error during voir dire, potential error during the trial on the merits, and potential jury charge error. Counsel concludes that the appeal is frivolous.

> Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of appointed counsel. *See Anders* at 744; *High v. State*, 573 S.W.2d 807, 812

(Tex. Crim. App. 1978); *see also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In reviewing an *Anders* appeal, we must, "after a full examination of all the proceedings, . . . decide whether the case is wholly frivolous." *Anders* at 744; *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991); *Coronado v. State,* 996 S.W.2d 283, 285 (Tex. App.—Waco 1999, order) (per curiam), *disp. on merits,* 25 S.W.3d 806 (Tex. App.—Waco 2000, pet. ref'd). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals,* 486 U.S. 429, 439 n.10 (1988). Arguments are frivolous when they "cannot conceivably persuade the court." *Id.* at 436. An appeal is not wholly frivolous when it is based on "arguable grounds." *Stafford* at 511.

After a review of the entire record in this appeal, we determine the appeal to be wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Accordingly, we affirm the trial court's judgment.

Counsel's request that he be allowed to withdraw from representation of Kirven is granted. Counsel has already notified Kirven of his right to file a pro se petition for discretionary review as part of his "educational burdens" he satisfied when filing his *Anders* brief. Further, the Court of Criminal Appeals has validated the method of notification used by counsel. *See In re Schulman*, 252 S.W.3d 403, 412 n.34 (Tex. Crim. App. 2008); *Meza v. State*, 206 S.W.3d 684, 689 n.23 (Tex. Crim. App. 2006); *Ex parte Owens*, 206 S.W.3d 670, 674 n.28 (Tex. Crim. App. 2006). However, pursuant to the Rules of Appellate Procedure, counsel must, nevertheless, send Kirven a copy of our decision and notify Kirven of his right to file a *pro se* petition for discretionary review. TEX. R. APP. P. 48.4; *see In re Schulman*, 252 S.W.3d 403, 409 n. 22 (Tex. Crim. App. 2008).

## CONCLUSION

I cannot join the majority opinion. I concur in the Court's judgment only to the

extent it affirms the trial court's judgment and grants counsel's motion to withdraw.


TOM GRAY
Chief Justice

Concurring Opinion issued and filed on May 13, 2009
Publish