

# IN THE
# TENTH COURT OF APPEALS

## No. 10-08-00156-CR

**JUAN CARRERA,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

**From the 278th District Court**
**Walker County, Texas**
**Trial Court No. 19509C**

## MEMORANDUM OPINION

Juan M. Carrera pleaded guilty to the offense of aggravated sexual assault of a child, a first-degree felony. TEX. PEN. CODE ANN. § 22.021 (Vernon 2003). In accordance with a plea bargain agreement, the trial court deferred a finding of guilt and placed Carrera on eight years' deferred adjudication community supervision.

A motion to adjudicate guilt was filed by the State. At the hearing, the trial court found the allegations to be true, and adjudicated Carrera guilty of the offense of aggravated sexual assault of a child. After a punishment hearing, the trial court

sentenced Carrera to confinement in the Texas Department of Criminal Justice-Institutional Division for five (5) years. We affirm.

Carrera's appellate counsel filed an *Anders* brief. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).

Counsel informed Carrera of the right to file a brief, but Carrera has not filed one. Because of Carrera's inaction, the State was not obligated to file a response. *See Wilson v. State*, 955 S.W.2d 693, 697 (Tex. App.—Waco 1997, order). Counsel concludes that the appeal is frivolous.

Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In reviewing an *Anders* appeal, we must, "after a full examination of all the proceedings, . . . decide whether the case is wholly frivolous." *Anders* at 744; *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991); *Coronado v. State*, 996 S.W.2d 283, 285 (Tex. App.—Waco 1999, order) (per curiam), *disp. on merits*, 25 S.W.3d 806 (Tex. App.—Waco 2000, pet. ref'd). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n.10, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988). Arguments are frivolous when they "cannot conceivably persuade the court." *McCoy*, 486 U.S. at 436. An appeal is not wholly frivolous when it is based on "arguable grounds." *Stafford*, 813 S.W.2d at 511.

After a review of the entire record in this appeal, we determine the appeal to be wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d 824, 826-27 (Tex. Crim. App. 2005). Accordingly, we affirm the trial court's judgment.

Counsel's request that he be allowed to withdraw from representation of Carrera is granted. Counsel has already notified Carrera of his right to file a *pro se* petition for discretionary review as part of the "educational burdens" that were satisfied when filing the *Anders* brief. Further, the Court of Criminal Appeals has validated the method of notification used by counsel. *See In re Schulman*, 252 S.W.3d 403, 412 n.34 (Tex. Crim. App. 2008); *Meza v. State*, 206 S.W.3d 684, 689 n.23 (Tex. Crim. App. 2006); *Ex parte Owens*, 206 S.W.3d 670, 674 n.28 (Tex. Crim. App. 2006). Additionally, counsel must send Carrera a copy of our decision, notify Carrera of his right to file a *pro se* petition for discretionary review, and send this Court a letter certifying counsel's compliance with Texas Rule of Appellate Procedure 48.4. TEX. R. APP. P. 48.4; *see In re Schulman*, 252 S.W.3d 403, 409 n. 22 (Tex. Crim. App. 2008).


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Reyna, and
    Justice Davis
Affirmed
Opinion delivered and filed July 8, 2009
Do not publish
[CR25]