**Michael CORONADO, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–98–188–CR.**

Court of Appeals of Texas,
Waco.

June 9, 1999.

Kevin Patrick Yeary, San Antonio, for appellant.

Susan Reed, Crim. Dist. Atty., Joey Contreras, Rita Spiegel, Daniel Thornberry, Asst. Dist. Attys., San Antonio, for appellee.

Before Chief Justice DAVIS, Justice CUMMINGS, and Justice VANCE.

## ORDER

PER CURIAM.

The State charged Appellant Michael Coronado with capital murder. *See* Tex. Pen.Code Ann. § 19.03(a)(7)(A) (Vernon 1994). Coronado pleaded guilty to the lesser-included offense of murder, without the benefit of a plea recommendation from the State. *Id.* § 19.02(b)(1) (Vernon 1994). The court assessed Coronado's punishment at imprisonment for life.

Coronado's appellate counsel filed a motion to withdraw from representation of Coronado with a supporting *Anders* brief. *See Anders v. California,* 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d 493 (1967). Coronado filed a *pro se* response to the *Anders* brief. *See Wilson v. State,* 955 S.W.2d 693, 696–97 (Tex.App.—Waco 1997, order). The State then filed a brief in reply. *Id.* at 697. We now address the potential issues identified by counsel and Coronado and conduct an independent review of the record "to decide whether the case is wholly frivolous." *Anders,* 386 U.S. at 744, 87 S.Ct. at 1400.

## BACKGROUND

The court provided Coronado a document entitled "Court's Admonishment and Defendant's Waivers and Affidavit of Admonitions." This form contains the admonishments required by article 26.13(a). Tex.Code Crim. Proc. Ann. 26.13(a) (Vernon 1989). Coronado signed the document, attesting that he understood the admonishments. *Id.* art. 26.13(d). By signing this document, Coronado also waived formal arraignment, the reading of the indictment, and his right to trial by jury. Before receiving Coronado's plea, the court orally reviewed each of the admonishments required by article 26.13 and the rights he was waiving. Coronado stated affirmatively that he understood each of the admonishments and rights and was waiving them freely, voluntarily and without coercion.

The indictment alleges that Coronado committed capital murder by killing two persons during the same criminal transaction. Coronado pleaded guilty to the lesser-included offense of murder, admitting only that he had murdered one of the alleged victims. The court accepted his plea and found him guilty. The parties informed the court that there was no punishment recommendation. The court again reminded Coronado of the range of punishment attached to the offense (*i.e.,* 5 to 99 years or life). Coronado reaffirmed that he understood the punishment range. The court indicated that it would order a presentence investigation ("PSI") and adjourned the proceedings.

Nine days later, the court called Coronado's case for the punishment hearing. First however, the court heard a motion Coronado had filed requesting permission to withdraw his guilty plea. Coronado testified that he persisted in claiming his innocence during his interview by the community supervision officer conducting the PSI, that his three children and he had been threatened if he cooperated with the State, and that his common-law wife pressured him to plead guilty because of these

threats. He asked the court to permit him to withdraw his plea. The court denied the motion and, after hearing argument of counsel, sentenced Coronado to imprisonment for life.

Three weeks after sentencing, Coronado filed *pro se* motions for the appointment of appellate counsel and the dismissal of his court-appointed trial counsel. Coronado also filed a second motion to withdraw his plea. In this motion, he alleges trial counsel "werent [sic] fair and honest with [him], and failed to provide him with any documents for his plea of guilty and didi [sic] not warn him of the dangers of his plea bargin [sic]" and that counsel had "assured" him when he entered his plea "that he would not be given any time over *40 yrs.*"

## POTENTIAL ISSUES

Counsel identifies one potential issue which questions whether the court erred in denying Coronado's motion to withdraw his guilty plea. Coronado presents five issues in his *pro se* response. He claims:

- the court erred in denying his motion for removal of trial counsel;
- he was denied effective assistance of counsel at trial and on appeal;
- he was denied the opportunity to withdraw his plea;
- he was never "fully admonished of the charges and the essential nature of said offense until such was done by the Presiding Judge"; and
- he "was never made aware of the *TRUE* sentencing range until in Court."

Coronado recognizes that his ineffective assistance claims may be more effectively presented in a post-conviction habeas proceeding. Accordingly, he requests that we dismiss the appeal without prejudice to his rights to file a habeas.application, or alter-

natively, that we "hear the appeal based on those errors contained" in his response.

■ The State argues that we should consider none of Coronado's *pro se* issues because they are inadequately briefed. However, this Court has held that an appellant's *pro se* response to counsel's *Anders* brief need not comply with the briefing requirements of the appellate rules. *Wilson,* 955 S.W.2d at 697. Accordingly, we may consider the issues presented by Coronado.

## WITHDRAWAL OF PLEA

Counsel's sole potential issue and Coronado's third issue both relate to the court's denial of Coronado's motion to withdraw his plea.[1] Coronado filed and presented the motion to withdraw his guilty plea nine days after the court took his case under advisement.

### STANDARD OF REVIEW

■ An accused may withdraw his plea at any time before his case is taken under advisement by the court. *Jackson v. State,* 590 S.W.2d 514, 515 (Tex.Crim. App. [Panel Op.] 1979); *Watson v. State,* 974 S.W.2d 763, 765 (Tex.App.—San Antonio 1998, pet. ref'd). Once the case has been taken under advisement for a presentence investigation (PSI) however, the decision to allow withdrawal of the plea rests in the court's sound discretion. *Id.*

### A "WHOLLY FRIVOLOUS" APPEAL

*Anders* requires this Court "to decide whether [this] case is wholly frivolous." *Anders,* 386 U.S. at 744, 87 S.Ct. at 1400. In *Anders,* the Supreme Court noted that an appeal is not frivolous if it presents issues which are "arguable on their merits." *Id.* Later, the Court stated that an appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals,* 486

---

1. We refer here to the motion to withdraw which Coronado presented during the punish-

ment hearing.

U.S. 429, 438 n. 10, 108 S.Ct. 1895, 1902 n. 10, 100 L.Ed.2d 440 (1988). Quoting *McCoy*, this Court has also observed that an appeal should be considered frivolous when "the only theories that the attorney can discover after [a] conscientious review of the record and the law are 'arguments that cannot *conceivably* persuade the court.'" *Johnson v. State*, 885 S.W.2d 641, 645 (Tex.App.—Waco 1994, pet. ref'd) (quoting *McCoy*, 486 U.S. at 436, 108 S.Ct. at 1901).

As we noted recently in *Taulung v. State*, the Court of Criminal Appeals has never embraced a particular definition for what constitutes a frivolous appeal. 979 S.W.2d 854, 856 (Tex.App.—Waco 1998, no pet.). However, the Court has implied that an appeal can be considered frivolous if the trial court's "rulings were correct or the appellant was not harmed thereby." *See id.* at 856–57 (citing *High v. State*, 573 S.W.2d 807, 813 (Tex.Crim.App. [Panel Op.] 1978)). We recognized a tension between the definition of a frivolous appeal enunciated by the Supreme Court in *McCoy* and the one implied by the Court of Criminal Appeals in *High* but deferred the resolution of any conflict between them to the Court of Criminal Appeals.[2] *Id.* at 857.

*Taulung* represents this Court's best understanding of what constitutes a "whol-

ly frivolous" appeal in Texas. The appellant's counsel in *Taulung* identified legal and factual sufficiency of the evidence as potential issues in that case. *See id.* We first questioned whether legal and factual sufficiency issues are appropriate in the *Anders* context:

> At first blush, such contentions would not seem to fit within the category of "arguments that cannot conceivably persuade the court" because an advocate can always present an argument, regardless of how convincing it may be, that the evidence is lacking. However, we note that Texas courts have addressed (and rejected) "arguable" sufficiency challenges in the *Anders* context on many occasions.

*Id.* We concluded that the question of whether such contentions are "frivolous" "must necessarily be decided on a case-by-case basis." *Id.*

■ As noted above, we ordinarily review a trial court's ruling on a motion to withdraw a guilty plea under an abuse-of-discretion standard in cases where the trial court has accepted the plea and taken the case under advisement. *Jackson*, 590 S.W.2d at 515; *Watson*, 974 S.W.2d at 765. Unlike the sufficiency cases unearthed in *Taulung*, our research reveals no Texas cases reviewing such a ruling in the *Anders* context.[3] However, we do find that

---

**2.** However, it seems unlikely that the Court of Criminal Appeals will be considering any *Anders* questions in the near future. *See Johnson v. State*, 885 S.W.2d 641, 644 (Tex.App.—Waco 1994, pet. ref'd). Our research reveals no such decisions since 1991. *See Stafford v. State*, 813 S.W.2d 503 (Tex.Crim.App.1991). If this Court agrees with counsel that an appeal is frivolous, we affirm the judgment and permit counsel to withdraw. *See, e.g., Taulung v. State*, 979 S.W.2d 854, 858 (Tex.App.—Waco 1998, no pet.). Thus, the Court of Criminal Appeals would review such a decision only if it grants a *pro se* appellant's petition for discretionary review (as appellate counsel has been granted leave to withdraw from representation of his client). On the other hand, if this Court determines that an appeal is not frivolous, we permit counsel to withdraw but abate the matter for appointment of new counsel. *See, e.g., Wilson v.*

*State*, 976 S.W.2d 254, 257 (Tex.App.—Waco 1998, order). Presumably, newly-appointed counsel will file a brief on the merits which will provide the framework for this Court's ultimate opinion. Any petition for discretionary review would arise from the merits of the final decision of this Court, and the Court of Criminal Appeals would not be presented any *Anders* issues for consideration.

**3.** The Fifth Circuit has considered a federal district court's denial of a defendant's motion to withdraw his guilty plea in an *Anders* case. *See United States v. Henderson*, 72 F.3d 463 (5th Cir.1995). The Court determined no abuse of discretion was shown in the ruling, found "no issue of arguable merit" in the appeal, granted counsel's motion to withdraw, and dismissed the appeal. *Id.* at 465–66.

Texas courts have reviewed (and affirmed) other rulings subject to an abuse-of-discretion standard in cases where counsel has filed an *Anders* brief. *See, e.g., Cox v. State*, 494 S.W.2d 574, 575 (Tex.Crim.App. 1973) (holding trial court did not abuse its discretion in permitting State to reopen to prove venue); *Dossey v. State*, 445 S.W.2d 203, 204 (Tex.Crim.App.1969) (holding trial court did not abuse its discretion in revoking appellant's probation); *Mays v. State*, 904 S.W.2d 920, 924 (Tex.App.—Fort Worth 1995, no pet.) (holding trial court did not abuse its discretion in admitting statement made during custodial interrogation); *Baker v. State*, 841 S.W.2d 542, 544 (Tex.App.—Houston [1st Dist.] 1992, no pet.) (holding trial court did not abuse its discretion in admitting evidence of convictions more than ten years old); *Pereida v. State*, 694 S.W.2d 371, 373 (Tex.App.—Corpus Christi 1985, no pet.) (holding trial court did not abuse its discretion in excusing juror injured in automobile accident before final argument and concluding trial with only eleven jurors).

Texas courts have historically reviewed issues involving a question of whether the trial court abused its discretion in *Anders* appeals. Thus, we shall (as in *Taulung*) decide on a case-by-case basis whether such issues may be appropriately characterized as "frivolous." *See Taulung*, 979 S.W.2d at 857. Thus, we will conduct an independent review of the record and determine whether we agree with counsel that Coronado's "appeal lacks any basis in law or fact." *Id.*

#### APPLICATION

■ In *United States v. Henderson*, the defendant asked to withdraw his guilty plea because counsel had allegedly failed to fully inform him of the contents of the plea agreement. 72 F.3d 463, 465 (5th Cir.1995). The defendant "never asserted his innocence, and in fact repeatedly admitted his guilt of the handgun offense, both during the plea proceedings and at the hearing on his motion to withdraw the plea." *Id.* at 466. The Fifth Circuit concluded that the court did not abuse its discretion in denying the defendant's motion to withdraw his plea and that his appeal presented "no issue of arguable merit." *Id.*

Unlike *Henderson* however, Coronado asserted his innocence during his interview by the community supervision officer conducting the PSI and in the hearing on the motion to withdraw his plea, and he claimed his plea was involuntary because of threats made against his three children and because his wife pressured him to plead guilty as a result of these threats. Because of the reasons Coronado gave to withdraw his guilty plea, we cannot say Coronado's appeal is "wholly frivolous."[4]

Therefore, we grant counsel's motion to withdraw but abate Coronado's appeal for appointment of new counsel. *See Wilson v. State*, 976 S.W.2d 254, 257 (Tex.App.—Waco 1998, order); *Johnson*, 885 S.W.2d at 648. The court's order appointing new appellate counsel shall be filed with this Court in a supplemental clerk's record within fifteen (15) days of the date of this Order. Counsel's brief shall be due within thirty (30) days after appointment.

Justice CUMMINGS not participating.

---

4. Our decision should not be viewed as a determination of the merits of the issues raised by Coronado and his counsel. Coronado's new appellate counsel should personally review the record to determine what issues should be raised in this appeal.