Criminal Case Template













COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS




TERRENCE FRANKLIN,


 Appellant,


v.


THE STATE OF TEXAS,


 Appellee.
§



§


§


§


§

No. 08-03-00176-CR


Appeal from the


195th District Court


of Dallas County, Texas


(TC#FO2-73119-JN)


M E MO R A N D U M O P I N I O N


 This is an appeal from a conviction for the offense of robbery. Appellant pleaded
guilty and the court assessed punishment at fifteen (15) years' imprisonment in the
Institutional Division of the Texas Department of Criminal Justice and a fine of $1000. We
affirm the judgment of the trial court.

I. SUMMARY OF THE EVIDENCE


 In this cause Appellant was charged by indictment with the offense of robbery. The
indictment contained one enhancement paragraph alleging a prior final felony conviction of
aggravated robbery. Appellant had also been charged by indictment with the state jail felony
offense of possession of cocaine. (1) The indictment contained one enhancement paragraph
alleging a prior final felony conviction of aggravated robbery. Appellant pleaded guilty to
that offense pursuant to a plea bargain, and punishment was assessed at five (5) years'
community supervision and a fine of $1,500. On February 4, 2003, a hearing was held and
Appellant waived his right to trial and pleaded guilty to the robbery indictment and true to
the enhancement allegation. This was an open plea and the court admonished Appellant that
by entering an open plea he was throwing himself upon the mercy of the court and, in effect
rolling the dice, and the court could give any sentence within the punishment range and an
appeal of this decision would probably not be fruitful. Appellant replied that he understood
the implications of an open plea. The Appellant's signed voluntary judicial confession and
stipulation of evidence were admitted into evidence. The court accepted Appellant's pleas
of guilty and true and set the sentencing for a later date. 

 On February 14, 2003, a hearing was held regarding the State's motion to revoke
probation. Appellant pleaded true to the State's motion to revoke. This was an open plea
and the court again advised Appellant regarding the implications of an open plea. Appellant
stated he understood those implications. A signed judicial confession and stipulation of
evidence was admitted into evidence and Appellant orally admitted to having committed the
robbery alleged in the revocation motion. 


 The victim of the robbery testified that Appellant came to her apartment in the early
morning and stated he needed to use her phone as he had been assaulted. Appellant came
into the apartment and grabbed her by the neck and choked her. He then grabbed twenty
dollars and left the apartment. 

 Appellant testified that he was under the influence of drugs when he entered the
complainant's apartment. He admitted taking the money although he did not remember
choking her. 

 At the close of the evidence, the court revoked Appellant's probation and sentenced
him to two (2) years' confinement in the State Jail on the possession of cocaine case. The
court sentenced Appellant to fifteen (15) years' imprisonment on the robbery case. At that
juncture Appellant inquired if he could withdraw his plea. The court informed him he could
not. Appellant stated that an attorney other than his trial lawyer told him he could withdraw
his plea, and he wanted to go to trial because he had not done some of the things that were
said about him. 


II. DISCUSSION

 Appellant's counsel has filed a motion to withdraw from Appellant's representation
on appeal because he concluded that there are no arguable grounds of error. The brief meets
the requirements of Anders v. California, 386 U.S. 738, 744, 87 S.Ct. 1396, 1400, 18 L.Ed.2d
493 (1967), by presenting a professional evaluation of the record and stating why counsel
believes that there are no arguable grounds of error on appeal. See Gainous v. State, 436
S.W.2d 137, 137-38 (Tex. Crim. App. 1969). Counsel has advised Appellant of his
evaluation, has provided Appellant with a copy of the brief and informed him of his right to
file a pro se response. Counsel provided Appellant with a copy of the record in this cause. 
No brief or response has been filed. 

 We have also made an independent examination of the entire record to determine
whether there are any arguable grounds which might support this appeal. See Penson v.
Ohio, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988). We note that the record
reveals that Appellant's plea was knowing and voluntary. The trial court properly
admonished Appellant before he pleaded guilty. Appellant then admitted in open court that
he committed the offense as alleged in the indictment. Nothing in the record would support
a claim that Appellant's plea was involuntary.

 Appellant attempted to withdraw his guilty plea after the court pronounced sentence. 
As a matter of right, a defendant may withdraw his guilty plea at any time until judgment has
been pronounced or the case has been taken under advisement. Jackson v. State, 590 S.W.2d
514, 515 (Tex. Crim. App. 1979); State v. Ellis, 976 S.W.2d 789, 792 (Tex. App.--Houston
[1st Dist.] 1998, no pet.). Once the case is taken under advisement, it is within the judge's
discretion whether or not to grant the motion to withdraw the guilty plea. See Washington
v. State, 893 S.W.2d 107, 108 (Tex. App.--Dallas 1995, no pet.). Texas courts have
consistently reviewed within the context of an Anders appeal issues of whether a trial court
abused its discretion. Coronado v. State, 996 S.W.2d 283, 287 (Tex. App.--Waco 1999, no
pet.). In Coronado, the Court of Appeals held that the question of whether the trial court
should have granted the defendant's motion to withdraw his guilty plea presented a question
that precluded the Court of Appeals from concluding that the appeal was wholly frivolous. 
In that case, the defendant asserted his innocence during his interview by the community
supervision officer conducting a PSI interview and in a hearing on the motion to withdraw
his appeal. He claimed his plea was involuntary because of threats that were made against
his three children and because his wife pressured him to plead guilty as a result of those
threats.

 In the present case, Appellant was throughly admonished regarding the consequences
of his open plea and he raised no concern about his plea until after sentence. His allegations
are unsupported in the record before us and we cannot say that the court abused its discretion. 
We agree with appellate counsel that no issue of arguable merit exits. Accordingly, we
affirm the judgment of the trial court. 

September 24, 2004


 ______________________________________RICHARD BARAJAS, Chief Justice



Before Panel No. 4

Barajas, C.J., Larsen, and McClure, JJ.


(Do Not Publish)

1. The revocation proceeding regarding this offense is also on appeal in companion case No. 08-03-00175-CR.