IN THE

TENTH COURT OF
APPEALS




 
 
 
 
 
 
 


 



No. 10-03-00348-CR

No.
10-03-00349-CR

No.
10-03-00350-CR

 

Sean Aaron Bryant,

                                                                      Appellant

 v.

 

The State of Texas,

                                                                      Appellee

 

 

 



From the Crim Dist Ct 3 of Dallas Co

Dallas County, Texas

Trial Court # F01-37124-J, F01-37125-J and F01-37126-J

 



MEMORANDUM 
Opinion



 








      Appellant
appeals the revocations of his community supervision for debit card abuse.  See
Act of May 29, 1993, 73d Leg., R.S., ch. 900, § 1.01, sec. 32.31(b), 1993
Tex. Gen. Laws 3586, 3645 (amended 2003) (current version at Tex. Penal Code Ann. § 32.31(b)
(Vernon Supp. 2004-2005).  Appellant’s
counsel filed an Anders brief.  See
Anders v. California, 386 U.S. 738 (1967). 
We will affirm.

       The
brief thoroughly reviews: (1) the trial court’s jurisdiction;
(2) pretrial motions; (3) trial objections; (4) effective assistance
of trial counsel; (5) the punishment assessed; (6) the sufficiency of
the evidence, including Appellant’s plea of true to the allegations in the
motion to revoke and his stipulation of evidence; and (7) Appellant’s
competency.  Counsel states: “[S]he has
diligently reviewed the entire record in these causes and the laws applicable
thereto and, in her opinion, the appeals are without merit and wholly frivolous
in that the records reflect no reversible error. . . .  [T]here are no grounds of error upon which an
appeal can be predicated in any of the cases.” 
Although counsel informed Appellant of the right to file a brief,
Appellant did not file one.  The State
has tendered a letter that states, “The State has examined the record and,
finding no reversible error, agrees with defense counsel’s assessment.”

       We
must, “after a full examination of all the proceedings, . . . decide
whether the case is wholly frivolous.”  Anders at 744; accord Stafford v. State, 813 S.W.2d 503, 509-11 (Tex. Crim. App.
1991); Coronado v. State, 996 S.W.2d
283, 285 (Tex. App.—Waco 1999, order) (per curiam), disp. on merits, 25 S.W.3d 806 (Tex. App.—Waco 2000, pet.
ref’d).  An appeal is “wholly frivolous”
or “without merit” when it “lacks any basis in law or fact.”  McCoy
v. Court of Appeals, 486 U.S. 429, 439 n.10 (1988).  Arguments are frivolous when they “cannot
conceivably persuade the court.”  Id. at 436  An appeal is not wholly frivolous when it is
based on “arguable grounds.”  Stafford at 511. 

       We
determine that the appeal is wholly frivolous. 
Accordingly, we affirm.  Counsel
must advise Appellant of our decision and of his right to file a petition for
discretionary review.  See Sowels v. State, 45 S.W.3d 690, 694
(Tex. App.—Waco 2001, no pet.).

TOM
GRAY

Chief
Justice

Before
Chief Justice Gray,

        Justice Vance, and

        Justice Reyna

Affirmed

Opinion
delivered and filed January 5, 2005

Do
not publish

[CR25]