IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00322-CR

No. 10-06-00323-CR

No. 10-06-00324-CR

 

George Clifford Wilson,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 371st District Court

Tarrant County, Texas

Trial Court Nos. 0901468D,
0901473D and 0989293D

 



MEMORANDUM  Opinion










 

        In Cause Nos. 10-06-00322-CR and
10-06-00323-CR, Wilson pleaded guilty to two indictments for aggravated sexual
assault of a child, and the trial court placed Wilson on deferred-adjudication
community supervision.  See Act of May 15, 2001, 77th Leg., R.S., ch.
459, § 5, sec. (a)(1)(B), 2001 Tex. Gen. Laws 893, 898-99 (amended 2003)
(current version at Tex. Penal Code Ann.
§ 22.021(a)(1)(B) (Vernon Supp. 2006)); Tex.
Penal Code Ann. § 22.021(a)(2)(B) (Vernon Supp. 2006).  In Cause No. 10-06-00324-CR, Wilson
pleaded guilty to second-degree-felony failure to comply with sex-offender
registration requirements.  See Act of June 1, 1997, 75th Leg., R.S.,
ch. 668, § 1, art. 62.10(a), 1997 Tex. Gen. Laws 2253, 2260 (amended 2005)
(current version at Tex. Code Crim.
Proc. Ann. art. 62.102(a) (Vernon 2006)); Act of May 29, 1999, 76th
Leg., R.S., ch. 1415, § 18, sec. (b), 1999 Tex. Gen. Laws 4831, 4839-40
(amended 2005) (current version at Tex.
Code Crim. Proc. Ann. art. 62.102(b)(3) (Vernon 2006)).  The trial court
adjudicated Wilson’s guilt and revoked his community supervision in the
sexual-assault cases.  The trial court sentenced Wilson to twenty-year
concurrent sentences of imprisonment in the sexual-assault cases, and to five years’
imprisonment in the failure-to-register case.  Wilson appeals.  Wilson’s
counsel filed an Anders brief.  See Anders v. California, 386
U.S. 738 (1967).  We affirm.

        The brief reviews whether Wilson’s
sentences constitute cruel and unusual punishment, whether one or more of
Wilson’s guilty pleas were involuntary, whether Wilson’s sentences were
disproportionate to his offenses, and whether Wilson was competent.  Although
counsel informed Wilson of the right to file a brief, Wilson did not file one. 
The State did not file a response.

        We must, “after a full examination of all
the proceedings, . . . decide whether the case is wholly frivolous.” 
Anders at 744; accord Stafford v. State, 813 S.W.2d 503, 509-11
(Tex. Crim. App. 1991); Coronado v. State, 996 S.W.2d 283, 285 (Tex.
App.—Waco 1999, order) (per curiam), disp. on merits, 25 S.W.3d 806
(Tex. App.—Waco 2000, pet. ref’d).  An appeal is “wholly frivolous” or “without
merit” when it “lacks any basis in law or fact.”  McCoy v. Court of Appeals,
486 U.S. 429, 439 n.10 (1988).  Arguments are frivolous when they “cannot
conceivably persuade the court.”  Id. at 436.  An appeal is not wholly
frivolous when it is based on “arguable grounds.”  Stafford at 511.

        We determine that the appeal is wholly
frivolous.  Accordingly, we affirm.  Counsel must advise Wilson of our decision
and of his right to file a petition for discretionary review.  See Sowels v.
State, 45 S.W.3d 690, 694 (Tex. App.—Waco 2001, no pet.), overruled in
part on other grounds, Meza v. State, 206 S.W.3d 684, 689 (Tex. Crim. App.
2006).  We grant counsel’s motions to withdraw filed January 22, 2007.

TOM GRAY

Chief
Justice

Before Chief Justice Gray,

        Justice Vance, and

        Justice
Reyna

Affirmed

Opinion
delivered and filed May 30, 2007

Do
not publish

[CRPM]