IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00180-CR

 

James Earl Brown,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 54th District Court

McLennan County, Texas

Trial Court No. 2007-1993-C2

 



MEMORANDUM  Opinion










 

            James Earl Brown was convicted of
delivery of cocaine. Tex. Health &
Safety Code Ann. § 481.112(b) (Vernon 2003).  At punishment, Brown pled
true to two enhancements and was sentenced to 20 years in prison.  We affirm.

Brown's appellate counsel filed an Anders
brief and a motion to withdraw as counsel.[1]
See Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed.
2d 493 (1967).  Counsel concludes that the appeal is frivolous.

Brown was informed of the right to file a pro
se brief or other response, and Brown has filed one.  However, we review
Brown’s brief solely to determine if there are any arguable grounds for
appeal.  Bledsoe v. State, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).  See
also In re Schulman, 252 S.W.3d 403, 409 n. 23 (Tex. Crim. App. 2008).  

Counsel's brief evidences a professional
evaluation of the record for error, and we conclude that counsel performed the
duties required of appointed counsel. See Anders, 386 U.S. at 744; High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); see also In
re Schulman, 252 S.W.3d at 407.

In reviewing an Anders appeal, we must,
"after a full examination of all the proceedings, . . . decide whether the
case is wholly frivolous."  Anders at 744; accord Stafford
v. State, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991); Coronado v. State,
996 S.W.2d 283, 285 (Tex. App.—Waco 1999, order) (per curiam), disp. on
merits, 25 S.W.3d 806 (Tex. App.—Waco 2000, pet. ref'd).  An appeal is
"wholly frivolous" or "without merit" when it "lacks
any basis in law or fact."  McCoy v. Court of Appeals, 486 U.S.
429, 439 n.10, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988).  Arguments are
frivolous when they "cannot conceivably persuade the court."  McCoy,
486 U.S. at 436.  An appeal is not wholly frivolous when it is based on
"arguable grounds."  Stafford, 813 S.W.2d at 511.

After a review of the briefs and the entire record
in this appeal, we determine the appeal to be wholly frivolous.  See Bledsoe
v. State, 178 S.W.3d at 826-27.  Accordingly, we affirm the trial court's
judgment.

Should Brown wish to seek further review of this
case by the Texas Court of Criminal Appeals, Brown must either retain an
attorney to file a petition for discretionary review or Brown must file a pro
se petition for discretionary review.  Any petition for discretionary
review must be filed within thirty days from the date of either this opinion or
the last timely motion for rehearing that was overruled by this Court.  See
Tex. R. App. P. 68.2.  Any
petition for discretionary review must be filed with this Court, after which it
will be forwarded to the Texas Court of Criminal Appeals along with the rest of
the filings in this case.  See Tex.
R. App. P. 68.3.  Any petition for discretionary review should comply
with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  See
Tex. R. App. P. 68.4.  See In
re Schulman, 252 S.W.3d 403, 409 n.22 (Tex. Crim. App. 2008) (citing Glover
v. State, No. 06-07-00060-CR, 2007 Tex. App. LEXIS 9162 (Tex.
App.—Texarkana, Nov. 20, 2007, pet. ref’d) (not designated for publication)).

Although Counsel has been allowed to withdraw, he
must, nevertheless, send Brown a copy of our decision, notify Brown of his
right to file a pro se petition for discretionary review, and send this
Court a letter certifying counsel’s compliance with Texas Rule of Appellate
Procedure 48.4.  Tex. R. App. P.
48.4; see In re Schulman, 252 S.W.3d at 409 n. 22. 

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

Before Chief Justice
Gray,

            Justice
Reyna, and

            Justice Davis

Affirmed

Opinion delivered and
filed August 5, 2009

Do not publish

[CR25]









[1]
Counsel has been allowed to withdraw in a separate order.