IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00258-CR

 

David Nathaniel Channell,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 413th District Court

Johnson County, Texas

Trial Court No. F41169

 



MEMORANDUM  Opinion










 

            David Nathaniel Channell pleaded
guilty to the offense of possession of a controlled substance less than one
gram, a state jail felony.  Tex. Health
& Safety Code Ann. § 481.115(b) (Vernon 2003).  In accordance with a
plea bargain agreement, the trial court sentenced Channell to two years in the
state jail, probated for five years.  Tex.
Code Crim. Proc. Ann. art. 42.12 (Vernon 2006).

A motion to revoke probation was filed by the
State.  At the hearing, Channell pled true to the allegations in the State’s
motion to revoke, and the trial court found the allegations to be true.  After
a punishment hearing, the trial court sentenced Channell to confinement in the
state jail of the Texas Department of Criminal Justice—Institutional Division
for two (2) years, subject to a hearing on shock probation after a period of
120 days.  At the hearing to consider shock probation, the trial court
sentenced Channell to eighteen (18) months in the state jail.  We affirm.

Channell's appellate counsel filed an Anders
brief and a motion to withdraw as counsel.  See Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967).  Counsel concludes
that the appeal is frivolous.

Counsel informed Channell of the right to file a pro
se brief, and Channell has filed one.  However, we review Channell’s brief
solely to determine if there are any arguable grounds for appeal.  Bledsoe
v. State, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).  See also In re
Schulman, 252 S.W.3d 403, 409 n. 23 (Tex. Crim. App. 2008).

Counsel's brief evidences a professional evaluation
of the record for error, and we conclude that counsel performed the duties
required of appointed counsel.  See Anders, 386 U.S. at 744; High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); see also In
re Schulman, 252 S.W.3d at 407.

In reviewing an Anders appeal, we must,
"after a full examination of all the proceedings, . . . decide whether the
case is wholly frivolous."  Anders at 744; accord Stafford
v. State, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991); Coronado v.
State, 996 S.W.2d 283, 285 (Tex. App.—Waco 1999, order) (per curiam), disp.
on merits, 25 S.W.3d 806 (Tex. App.—Waco 2000, pet. ref'd).  An appeal is
"wholly frivolous" or "without merit" when it "lacks
any basis in law or fact."  McCoy v.  Court of Appeals , 486 U.S. 429, 439 n.10, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988).  Arguments are frivolous when they
"cannot conceivably persuade the court."  McCoy, 486 U.S. at
436.  An appeal is not wholly frivolous when it is based on "arguable
grounds."  Stafford, 813 S.W.2d at 511.

After a review of the briefs and the entire record
in this appeal, we determine the appeal to be wholly frivolous.  See Bledsoe
v. State, 178 S.W.3d at 826-27.  Accordingly, we affirm the trial court's
judgment.

Should Channell wish to seek further review of
this case by the Texas Court of Criminal Appeals, Channell must either retain
an attorney to file a petition for discretionary review or Channell must file a
pro se petition for discretionary review. Any petition for discretionary
review must be filed within thirty days from the date of either this opinion or
the last timely motion for rehearing that was overruled by this Court.  See
TEX. R. APP. P. 68.2.  Any petition for discretionary review must be filed with
this Court, after which it will be forwarded to the Texas Court of Criminal
Appeals along with the rest of the filings in this case.  See TEX. R.
APP. P. 68.3.  Any petition for discretionary review should comply with the
requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  See
TEX. R. APP. P. 68.4.  See In re Schulman, 252 S.W.3d 403, 409 n.22
(Tex. Crim. App. 2008) (citing Glover v. State, No. 06-07-00060-CR, 2007
Tex. App. LEXIS 9162 (Tex. App.—Texarkana, Nov. 20, 2007, pet. ref’d) (not
designated for publication).[1]

Counsel's request that she be allowed to withdraw
from representation of Channell is granted.  Additionally, counsel must send
Channell a copy of our decision, notify Channell of his right to file a pro
se petition for discretionary review, and send this Court a letter
certifying counsel’s compliance with Texas Rule of Appellate Procedure 48.4.  Tex. R. App. P. 48.4; see In
re Schulman, 252 S.W.3d at 409 n. 22. 

 

 

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

Before Chief Justice
Gray,

            Justice
Reyna, and

            Justice Davis

Affirmed

Opinion delivered and
filed August 5, 2009

Do not publish

[CR25]









[1]
We note that counsel has an affirmative duty to ensure that the client has, at
some point, been informed of his right to file a pro se PDR.  The
preferred mechanism for this is a letter sent to the client with the Anders
brief and the motion to withdraw as counsel.  In re Schulman, 252 S.W.3d
403, 408 n. 22 (Tex. Crim. App. 2008).