

# IN THE
# TENTH COURT OF APPEALS

————————————

## No. 10-08-00375-CR
## No. 10-08-00376-CR

**WILLIAM BROWN PARHM,**

**Appellant**

 **v.**

**THE STATE OF TEXAS,**

**Appellee**

————————————

### From the 13th District Court
### Navarro County, Texas
### Trial Court Nos. 28777-CR and 30744-CR

————————————

## MEMORANDUM OPINION

————————————

William Parhm was convicted of delivery of a controlled substance in a drug-free zone in 2003 and of possession of a controlled substance in 2006. Both sentences were probated. *See* TEX. CODE CRIM. PROC. ANN. art. 42.12 (Vernon 2006). Parhm pled true to one allegation in each of the motions to revoke filed in 2007 and amended in 2008, and not true to the other allegations. After a contested hearing on the motions to revoke his community supervision, the trial court found the allegations in the State's motions to be true, revoked Parhm's sentences granting community supervision, and sentenced him

to confinement for six (6) years in the Texas Department of Criminal Justice – Institutional Division and for two (2) years in the State Jail.

Parhm's appellate counsel has filed an *Anders* brief and a motion to withdraw as counsel.[1] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Counsel concludes that the appeals are frivolous.

Counsel informed Parhm of the right to file a *pro se* brief, and Parhm has done so. However, we review a *pro se* brief solely to determine if there are any arguable grounds for appeal. *Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); *see also In re Schulman*, 252 S.W.3d 403, 409 n. 23 (Tex. Crim. App. 2008).

Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also In re Schulman*, 252 S.W.3d at 407.

In reviewing *Anders* appeals, we must, "after a full examination of all the proceedings, . . . decide whether the case is wholly frivolous." *Anders* at 744; *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991); *Coronado v. State*, 996 S.W.2d 283, 285 (Tex. App.—Waco 1999, order) (per curiam), *disp. on merits*, 25 S.W.3d 806 (Tex. App.—Waco 2000, pet. ref'd). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n.10, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988). Arguments are frivolous when they

---

[1] Each sentence bears its own cause number for purposes of appeal; however, the parties have submitted one brief covering both appeals; therefore, we will address the appeals jointly in the same manner.

"cannot conceivably persuade the court." *McCoy*, 486 U.S. at 436. An appeal is not wholly frivolous when it is based on "arguable grounds." *Stafford,* 813 S.W.2d at 511.

After a review of the briefs and the entire record in these appeals, including the hearing conducted by the trial court pursuant to our abatement order, we determine these appeals to be wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d at 826-27. Accordingly, we affirm the trial court's judgments.

Should Parhm wish to seek further review of these cases by the Texas Court of Criminal Appeals, Parhm must either retain an attorney to file petitions for discretionary review or Parhm must file *pro se* petitions for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX R. APP. P. 68.4. *See In re Schulman*, 252 S.W.3d 403, 409 n.22 (Tex. Crim. App. 2008) (citing *Glover v. State*, No. 06-07-00060-CR, 2007 Tex. App. LEXIS 9162 (Tex. App.—Texarkana, Nov. 20, 2007, pet. ref'd) (not designated for publication).

Counsel's request that she be allowed to withdraw from representation of Parhm is granted. Additionally, counsel must send Parhm a copy of our decision, notify Parhm of his right to file *pro se* petitions for discretionary review, and send this Court a

letter certifying counsel's compliance with Texas Rule of Appellate Procedure 48.4. TEX.

R. APP. P. 48.4; *see In re Schulman*, 252 S.W.3d at 409 n. 22.


                              TOM GRAY
                              Chief Justice

Before Chief Justice Gray,
        Justice Reyna, and
        Justice Davis
Affirmed
Opinion delivered and filed March 24, 2010
Do not publish
[CR25]