IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-08-00375-CR

No. 10-08-00376-CR

 

William Brown Parhm,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 13th District Court

Navarro County, Texas

Trial Court Nos. 28777-CR and 30744-CR

 



MEMORANDUM  Opinion



 

            William Parhm was convicted of
delivery of a controlled substance in a drug-free zone in 2003 and of
possession of a controlled substance in 2006.  Both sentences were probated.  See
Tex. Code Crim. Proc. Ann. art.
42.12 (Vernon 2006).  Parhm pled true to one allegation in each of the motions
to revoke filed in 2007 and amended in 2008, and not true to the other
allegations.  After a contested hearing on the motions to revoke his community
supervision, the trial court found the allegations in the State’s motions to be
true, revoked Parhm’s sentences granting community supervision, and sentenced
him to confinement for six (6) years in the Texas Department of Criminal
Justice – Institutional Division and for two (2) years in the State Jail.

Parhm’s appellate counsel has filed an Anders
brief and a motion to withdraw as counsel.[1] 
See Anders v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed.
2d 493 (1967).  Counsel concludes that the appeals are frivolous.

Counsel informed Parhm of the right to file a pro
se brief, and Parhm has done so.  However, we review a pro se brief
solely to determine if there are any arguable grounds for appeal.  Bledsoe
v. State, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005); see also In re
Schulman, 252 S.W.3d 403, 409 n. 23 (Tex. Crim. App. 2008).

Counsel’s brief evidences a professional
evaluation of the record for error, and we conclude that counsel performed the
duties required of appointed counsel.  See Anders, 386 U.S. at 744; High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); see also
In re Schulman, 252 S.W.3d at 407.

In reviewing Anders appeals, we must,
“after a full examination of all the proceedings, . . . decide whether the case
is wholly frivolous.”  Anders at 744; accord Stafford
v. State, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991); Coronado v.
State, 996 S.W.2d 283, 285 (Tex. App.—Waco 1999, order) (per curiam), disp.
on merits, 25 S.W.3d 806 (Tex. App.—Waco 2000, pet. ref'd).  An appeal is
“wholly frivolous” or “without merit” when it “lacks any basis in law or
fact.”  McCoy v.  Court of Appeals , 486 U.S. 429, 439 n.10, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988). Arguments are frivolous when they “cannot
conceivably persuade the court.” McCoy, 486 U.S. at 436.  An appeal is
not wholly frivolous when it is based on “arguable grounds.”  Stafford,
813 S.W.2d at 511.

After a review of the briefs and the entire record
in these appeals, including the hearing conducted by the trial court pursuant
to our abatement order, we determine these appeals to be wholly frivolous.  See
Bledsoe v. State, 178 S.W.3d at 826-27.  Accordingly, we affirm the
trial court’s judgments.

Should Parhm wish to seek further review of these
cases by the Texas Court of Criminal Appeals, Parhm must either retain an
attorney to file petitions for discretionary review or Parhm must file pro
se petitions for discretionary review.  Any petition for discretionary
review must be filed within thirty days from the date of either this opinion or
the last timely motion for rehearing that was overruled by this Court.  See
Tex. R. App. P. 68.2.  Any
petition for discretionary review must be filed with this Court, after which it
will be forwarded to the Texas Court of Criminal Appeals along with the rest of
the filings in this case.  See Tex.
R. App. P. 68.3.  Any petition for discretionary review should comply
with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  See
Tex R. App. P. 68.4.  See In
re Schulman, 252 S.W.3d 403, 409 n.22 (Tex. Crim. App. 2008) (citing Glover
v. State, No. 06-07-00060-CR, 2007 Tex. App. LEXIS 9162 (Tex.
App.—Texarkana, Nov. 20, 2007, pet. ref’d) (not designated for publication).

Counsel’s request that she be allowed to withdraw
from representation of Parhm is granted.  Additionally, counsel must send Parhm
a copy of our decision, notify Parhm of his right to file pro se
petitions for discretionary review, and send this Court a letter certifying
counsel’s compliance with Texas Rule of Appellate Procedure 48.4.  Tex. R. App. P. 48.4; see In
re Schulman, 252 S.W.3d at 409 n. 22.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Affirmed

Opinion
delivered and filed March 24, 2010

Do
not publish

[CR25]









[1] Each sentence bears its own cause number for
purposes of appeal; however, the parties have submitted one brief covering both
appeals; therefore, we will address the appeals jointly in the same manner.