

# IN THE
# TENTH COURT OF APPEALS

## No. 10-10-00430-CR

**AMANDA DEANN SEAY,**

                                                **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                                **Appellee**

### From the 220th District Court
### Bosque County, Texas
### Trial Court No. 13981

## MEMORANDUM  OPINION

Amanda Deann Seay appeals from the revocation of her felony community supervision for the offense of endangering a child. TEX. PEN. CODE ANN. § 22.041 (West 2003). Seay pled true to all eighteen of the alleged violations of her community supervision, which included multiple drug-related violations during her approximately four years on community supervision. After a contested hearing on punishment, the trial court revoked Seay's community supervision and sentenced her to fifteen months in the state jail.

Seay's appellate counsel has filed an *Anders* brief and a motion to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Counsel concludes that the appeal is frivolous.

Counsel informed Seay of the right to file a *pro se* brief, and Seay has not done so. Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also In re Schulman*, 252 S.W.3d at 407.

In reviewing *Anders* appeals, we must, "after a full examination of all the proceedings, . . . decide whether the case is wholly frivolous." *Anders* at 744; *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991); *Coronado v. State*, 996 S.W.2d 283, 285 (Tex. App.—Waco 1999, order) (per curiam), *disp. on merits*, 25 S.W.3d 806 (Tex. App.—Waco 2000, pet. ref'd). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n.10, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988). Arguments are frivolous when they "cannot conceivably persuade the court." *McCoy*, 486 U.S. at 436. An appeal is not wholly frivolous when it is based on "arguable grounds." *Stafford*, 813 S.W.2d at 511.

After a review of the brief and the entire record in this appeal, we determine that this appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d at 826-27. Accordingly, we affirm the trial court's judgment.

Should Seay wish to seek further review of this case by the Texas Court of Criminal Appeals, Seay must either retain an attorney to file a petition for discretionary

review or Seay must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4. *See In re Schulman*, 252 S.W.3d 403, 409 n.22 (Tex. Crim. App. 2008) (citing *Glover v. State*, No. 06-07-00060-CR, 2007 Tex. App. LEXIS 9162 (Tex. App.—Texarkana, Nov. 20, 2007, pet. ref'd) (not designated for publication).

Counsel's request that she be allowed to withdraw from representation of Seay is granted. Additionally, counsel must send Seay a copy of our decision, remind Seay of her right to file a *pro se* petition for discretionary review, and send this Court a letter certifying counsel's compliance with Texas Rule of Appellate Procedure 48.4. TEX. R. APP. P. 48.4; *see In re Schulman*, 252 S.W.3d at 409 n. 22.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
     Justice Davis, and
     Justice Scoggins
Affirmed
Opinion delivered and filed June 15, 2011
Do not publish
[CR25]