

# IN THE
# TENTH COURT OF APPEALS

———————————

**No. 10-10-00397-CR**
**No. 10-10-00398-CR**
**No. 10-10-00399-CR**

**EARL MARKEITH HENDERSON,**

                           **Appellant**

**v.**

**THE STATE OF TEXAS,**

                           **Appellee**

———————————

**From the 272nd District Court**
**Brazos County, Texas**
**Trial Court Nos. 07-06404-CRF-272,**
**07-06405-CRF-272 and 08-02608-CRF-272**

---

## MEMORANDUM OPINION

---

Earl Henderson pled guilty to the offenses of Aggravated Assault on a Public Servant, Evading Arrest in a Motor Vehicle (enhanced), Assault on a Public Servant (two counts), and pled no contest to the offense of Aggravated Robbery. TEX. PEN. CODE ANN. §§ 22.02, 38.04, 29.03, 22.01 (West Supp. 2010). There was no agreement regarding punishment. Henderson was sentenced by the trial court to concurrent sentences of forty years in prison for the aggravated assault, twenty years in prison for the aggravated robbery, and ten years in prison each for the evading arrest and the two

assaults.

Henderson's appellate counsel has filed an *Anders* brief and a motion to withdraw as counsel.[1] *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Counsel concludes that the appeals are frivolous. Counsel informed Henderson of the right to file a *pro se* brief, but Henderson has not done so.

Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of appointed counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also In re Schulman*, 252 S.W.3d at 407.

In reviewing *Anders* appeals, we must, "after a full examination of all the proceedings, . . . decide whether the case is wholly frivolous." *Anders* at 744; *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991); *Coronado v. State*, 996 S.W.2d 283, 285 (Tex. App.—Waco 1999, order) (per curiam), *disp. on merits*, 25 S.W.3d 806 (Tex. App.—Waco 2000, pet. ref'd). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n.10, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988). Arguments are frivolous when they "cannot conceivably persuade the court." *McCoy*, 486 U.S. at 436. An appeal is not wholly frivolous when it is based on "arguable grounds." *Stafford*, 813 S.W.2d at 511.

After a review of the briefs and the entire record in these appeals, we determine that these appeals are wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d at 826-27. Accordingly, we affirm the trial court's judgments.

---

[1] The aggravated assault and the evading charges are the basis of No. 10-10-00397-CR, the aggravated robbery is the basis of No. 10-10-00398-CR, and the two assaults are the basis of No. 10-10-00399-CR. These causes were considered by the trial court together and counsel for Henderson submitted one brief covering all three appeals; therefore, we will also address the appeals jointly.

Should Henderson wish to seek further review of these cases by the Texas Court of Criminal Appeals, Henderson must either retain an attorney to file petitions for discretionary review or Henderson must file *pro se* petitions for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4. *See In re Schulman*, 252 S.W.3d 403, 409 n.22 (Tex. Crim. App. 2008) (citing *Glover v. State*, No. 06-07-00060-CR, 2007 Tex. App. LEXIS 9162 (Tex. App.—Texarkana, Nov. 20, 2007, pet. ref'd) (not designated for publication).

Counsel's request that he be allowed to withdraw from representation of Henderson is granted. Additionally, counsel must send Henderson a copy of our decision, remind Henderson of his right to file *pro se* petitions for discretionary review, and send this Court a letter certifying counsel's compliance with Texas Rule of Appellate Procedure 48.4. TEX. R. APP. P. 48.4; *see In re Schulman*, 252 S.W.3d at 409 n. 22.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
  Justice Davis, and
  Justice Scoggins
Affirmed
Opinion delivered and filed June 22, 2011
Do not publish
[CRPM]