

# IN THE
# TENTH COURT OF APPEALS

## No. 10-11-00102-CR

**PAMELA LAVONNE STEWART,**

                                             **Appellant**

 **v.**

**THE STATE OF TEXAS,**

                                             **Appellee**

**From the 220th District Court**
**Bosque County, Texas**
**Trial Court No. 07-11-14199**

## MEMORANDUM  OPINION

Pamela Lavonne Stewart pled true to four allegations that she had violated the terms and conditions of her community supervision which had been imposed for the offense of possession of methamphetamine, less than one gram.  TEX. HEALTH & SAFETY CODE ANN. § 481.115 (West 2010).  Stewart pled not true to three allegations, and after a revocation hearing, the trial court found two of those violations to be true.  Stewart's community supervision was revoked, and Stewart was sentenced to twelve months incarceration in the state jail.

Stewart's appellate counsel has filed an *Anders* brief and a motion to withdraw as counsel. *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). Counsel concludes that the appeal is frivolous. Counsel informed Stewart of the right to file a *pro se* brief, but Stewart has not done so.

Counsel's brief evidences a professional evaluation of the record for error, and we conclude that counsel performed the duties required of appointed counsel. Counsel addressed the trial court's jurisdiction, notice to Stewart of the proceedings, the sufficiency of the evidence, and the effectiveness of the assistance of counsel. *See Anders*, 386 U.S. at 744; *High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); *see also In re Schulman*, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In reviewing *Anders* appeals, we must, "after a full examination of all the proceedings, . . . decide whether the case is wholly frivolous." *Anders* at 744; *accord Stafford v. State*, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991); *Coronado v. State*, 996 S.W.2d 283, 285 (Tex. App.—Waco 1999, order) (per curiam), *disp. on merits*, 25 S.W.3d 806 (Tex. App.—Waco 2000, pet. ref'd). An appeal is "wholly frivolous" or "without merit" when it "lacks any basis in law or fact." *McCoy v. Court of Appeals*, 486 U.S. 429, 439 n.10, 108 S. Ct. 1895, 100 L. Ed. 2d 440 (1988). Arguments are frivolous when they "cannot conceivably persuade the court." *McCoy*, 486 U.S. at 436. An appeal is not wholly frivolous when it is based on "arguable grounds." *Stafford,* 813 S.W.2d at 511.

After a review of the briefs and the entire record in these appeals, we determine that this appeal is wholly frivolous. *See Bledsoe v. State*, 178 S.W.3d at 826-27. Accordingly, we affirm the trial court's judgment.

Should Stewart wish to seek further review of this case by the Texas Court of Criminal Appeals, Stewart must either retain an attorney to file a petition for discretionary review or Stewart must file a *pro se* petition for discretionary review. Any petition for discretionary review must be filed within thirty days from the date of either this opinion or the last timely motion for rehearing that was overruled by this Court. *See* TEX. R. APP. P. 68.2. Any petition for discretionary review must be filed with this Court, after which it will be forwarded to the Texas Court of Criminal Appeals along with the rest of the filings in this case. *See* TEX. R. APP. P. 68.3. Any petition for discretionary review should comply with the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 68.4. *See In re Schulman*, 252 S.W.3d 403, 409 n.22 (Tex. Crim. App. 2008).

Counsel's request that he be allowed to withdraw from representation of Stewart is granted. Additionally, counsel must send Stewart a copy of our decision, remind Stewart of her right to file a *pro se* petition for discretionary review, and send this Court a letter certifying counsel's compliance with Texas Rule of Appellate Procedure 48.4. TEX. R. APP. P. 48.4; *see In re Schulman*, 252 S.W.3d at 409 n. 22.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Affirmed
Opinion delivered and filed August 3, 2011
Do not publish
[CR25]