IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-11-00102-CR

 

Pamela Lavonne Stewart,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the 220th District
Court

Bosque County, Texas

Trial Court No. 07-11-14199

 



MEMORANDUM  Opinion










 

            Pamela Lavonne Stewart pled true to four
allegations that she had violated the terms and conditions of her community
supervision which had been imposed for the offense of possession of
methamphetamine, less than one gram.  Tex.
Health & Safety Code Ann. § 481.115 (West 2010).  Stewart pled not
true to three allegations, and after a revocation hearing, the trial court
found two of those violations to be true.  Stewart’s community supervision was
revoked, and Stewart was sentenced to twelve months incarceration in the state
jail.  

Stewart’s appellate counsel has filed an
Anders brief and a motion to withdraw as counsel.  See Anders
v. California, 386 U.S. 738, 87 S. Ct. 1396, 18 L. Ed. 2d 493 (1967). 
Counsel concludes that the appeal is frivolous.  Counsel informed Stewart of
the right to file a pro se brief, but Stewart has not done so.  

Counsel’s brief evidences a professional
evaluation of the record for error, and we conclude that counsel performed the
duties required of appointed counsel.  Counsel addressed the trial court’s jurisdiction,
notice to Stewart of the proceedings, the sufficiency of the evidence, and the
effectiveness of the assistance of counsel.  See Anders, 386 U.S. at
744; High v. State, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978); see
also In re Schulman, 252 S.W.3d 403, 407 (Tex. Crim. App. 2008).

In reviewing Anders appeals, we
must, “after a full examination of all the proceedings, . . . decide whether
the case is wholly frivolous.”  Anders at 744; accord Stafford v. State, 813 S.W.2d 503, 509-11 (Tex. Crim. App. 1991); Coronado
v. State, 996 S.W.2d 283, 285 (Tex. App.—Waco 1999, order) (per curiam), disp.
on merits, 25 S.W.3d 806 (Tex. App.—Waco 2000, pet. ref’d).  An appeal is
“wholly frivolous” or “without merit” when it “lacks any basis in law or
fact.”  McCoy v.  Court of Appeals, 486 U.S. 429, 439 n.10, 108 S. Ct.
1895, 100 L. Ed. 2d 440 (1988).  Arguments are frivolous when they “cannot
conceivably persuade the court.”  McCoy, 486 U.S. at 436.  An appeal is
not wholly frivolous when it is based on “arguable grounds.”  Stafford,
813 S.W.2d at 511.

After a review of the briefs and the
entire record in these appeals, we determine that this appeal is wholly
frivolous.  See Bledsoe v. State, 178 S.W.3d at 826-27. 
Accordingly, we affirm the trial court’s judgment.

Should Stewart wish to seek further
review of this case by the Texas Court of Criminal Appeals, Stewart must either
retain an attorney to file a petition for discretionary review or Stewart must
file a pro se petition for discretionary review.  Any petition for
discretionary review must be filed within thirty days from the date of either
this opinion or the last timely motion for rehearing that was overruled by this
Court.  See TEX. R. APP. P. 68.2.  Any petition for discretionary review
must be filed with this Court, after which it will be forwarded to the Texas
Court of Criminal Appeals along with the rest of the filings in this case.  See
TEX. R. APP. P. 68.3.  Any petition for discretionary review should comply with
the requirements of Rule 68.4 of the Texas Rules of Appellate Procedure.  See
TEX. R. APP. P. 68.4.  See In re Schulman, 252 S.W.3d 403, 409 n.22
(Tex. Crim. App. 2008).

Counsel’s request that he be allowed to
withdraw from representation of Stewart is granted.  Additionally, counsel must
send Stewart a copy of our decision, remind Stewart of her right to file a pro
se petition for discretionary review, and send this Court a letter
certifying counsel’s compliance with Texas Rule of Appellate Procedure 48.4.  Tex. R. App. P. 48.4; see In
re Schulman, 252 S.W.3d at 409 n. 22. 

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

Before
Chief Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Affirmed

Opinion
delivered and filed August 3, 2011

Do
not publish

[CR25]